PEACE v. FRALEY, County Treas., et al.

No. 29778. Feb. 23, 1943.

*134 P. 2d 344.*

Johnson & Johnson, of Fairfax, for plaintiff in error.

Sim T. Carman, County Atty., of Pawhuska, for defendants in error.

RILEY, J. This is a proceeding in mandamus commenced by plaintiff in error, hereinafter referred to as plaintiff, wherein he seeks an order compelling the payment to him of the sum of $172.46 claimed as the excess from the sale of certain lands sold to Osage county at the 1939 resale and thereafter sold by the board of county commissioners to A. R. Eldridge.

The petition of plaintiff alleges that he was the record owner of the land involved and described; that said land became taxable and was assessed for taxes and sold to Osage county and carried in the name of Osage county until the 17th day of April, 1939, at which time the taxes, penalties, and costs accrued against said land amounted to $477.54; that in the April, 1939, resale the land was resold to Osage county for said sum of $477.54; that in 1939 the land was at commissioners' sale sold to A. R. Eldridge for the sum of $650, or $172.46 more than the amount for which said land was sold to the county at said resale; that plaintiff, for want of necessary funds, could not redeem, so by the issuance of a writ of mandamus he sought the $172.46 claimed as excess.

The defendants admitted all allegations of fact as set forth in plaintiff's petition, denied the conclusions of law as being sufficient upon which to grant

the relief sought, and the trial court entered judgment denying the writ, and plaintiff appeals.

Plaintiff admitted the regularity of the sale and resale of the land and the sale by the county to the purchaser, Eldridge. The only question involved is one of law, that is, whether the plaintiff is entitled to receive the amount of money which the county received in excess of the total amount of taxes, interest, penalties, and costs charged against said land.

The resale to the county and the subsequent sale by the county to Eldridge was conducted under the provisions of article 31, ch. 66, Session Laws 1939; O. S. 1941, Title 68, §§ 432 to 432p, inclusive. Section 1 of the act provides that the 1939 resale should be held on the third Monday of April. Section 11 of the act provides that any property acquired by the county under the provisions of the resale law may be sold by the county treasurer at such price as may be approved by the board of county commissioners after due notice by publication. Section 14 of the act provides that the last record owner of any real estate sold at the 1939 tax resales may redeem the said property, if sold to an individual purchaser, by paying to the county treasurer on or before the 1st day of December, 1939, the full amount paid for resale deed, costs, penalty, and interest; and if purchased in the name of the county, redemption may be had by paying the full amount for which said property was sold, plus penalties at the rate of 1% per month. If redemption is from resale to an individual who acquired title at resale or commissioners' sale, such redemption money shall be disposed of by the treasurer in the same manner as in the case of redemption from individual tax sale certificate; but if the redemption is from resale to the county, then the redemption money is to be disposed of by the county treasurer in the same manner as money received from commissioners' sale under the terms of the act. The resale to

the county and the sale of the property by the commissioners to Eldridge were both made before expiration of the time in which plaintiff was entitled to redeem the land.

The plaintiff contends that until December 1, 1939, he had available to him either of two remedies: (1) that he could under the law redeem said property in the manner and upon the terms provided under section 14 of the act, supra; or (2) that he could elect to approve the resale and county sale of the property and claim the excess for which said property was sold.

The law plainly gave the plaintiff the right to redeem said property at any time up to and including December 1, 1939.

Plaintiff did not elect to avail himself of that privilege.

The question involved, then, is whether the plaintiff could elect to approve the sale and resale of said property and claim the excess for which it was sold. Section 6 of the act provides:

"Moneys received by the county treasurer at resale from individual purchasers, not redemptioners, shall nevertheless be deemed to be collections of tax, and, if no redemption be had before issuance and delivery of deed therefor, the tax moneys so collected, not including excess proceeds to be held for the owner thereof, shall be credited and apportioned as such taxes would have been apportioned had they been paid in the proper time and manner, and the moneys so collected representing penalties on ad valorem tax, listing fees and publication costs shall be credited to the 'Resale-Property Fund' of such county as hereinafter provided. . . ."

Plaintiff relies upon this provision, but section 6, supra, applies only to moneys received by the county treasurer at resale from individual purchasers. In this case there was no individual purchaser at the resale. Section 7 of the act, among other things, provides that within 30 days after the resale the county treasurer shall execute a deed conveying the real estate

thus sold, and that such deed shall vest in the grantee the absolute and perfect title in fee simple to the land so sold.

The difficulty with plaintiff's position is that he seeks to have the money derived from the sale by the commissioners to an individual purchaser distributed in the same manner as moneys received by the county treasurer at resale from individual purchaser under section 6, supra.

The title taken by Osage county under the 1939 resale was a virgin title comparable to a patent from the government, unaffected, either for good or ill, by anything pertaining to the former chain of title, subject only to the right of redemption as provided in section 14 of the act. Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634.

The proceeds of sale of property acquired by the county at resale by section 13 of the act, with certain exceptions, is required to be credited in a special cash fund styled "Resale-Property Fund."

The only remedy available to the plaintiff was the right to redeem the land from the sale and resale. He was not entitled to the refund as sought.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.